UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **HENRY BYRD** | **CIVIL ACTION NO. 07-0029** |
| **VS.** | **SECTION P** |
| | **JUDGE DOHERTY** |
| **L.C.S. CORRECTIONS SERVICES, INC., ET AL.** | **MAGISTRATE JUDGE METHVIN** |

*SUPPLEMENTAL REPORT AND RECOMMENDATION*

On April 27, 2007, the undersigned submitted a Report [doc. 16] recommending dismissal of plaintiff Henry Byrd's *pro se* civil rights (42 U.S.C. §1983) complaint [doc. 1 and doc. 1-4] and other associated pleadings, including his Motion for Temporary Restraining Order and Preliminary Injunction [doc. 3].[1]  On the same day, Mr. Byrd filed a Motion to Rule on Temporary Restraining Order. [doc. 17]

On April 30, 2007, Byrd filed a Supplement to Civil Rights Complaint. [doc. 18] This pleading:

(1) provided additional allegations concerning the claim that he has been denied access to the courts [*id*., paragraph 1];

(2) added an additional defendant, Lieutenant Monica Ray [*id*., paragraph 2];

(3) added an additional Eighth Amendment claim of overcrowding [*id*., paragraph 3];

(4) added an additional Fourteenth Amendment Due Process claim concerning his placement in lock-down for three days [*id*., paragraph 4];

---

[1] Notice of Removal [doc. 1-5] and Petition for Removal [doc. 1-6];  Motion for Temporary Restraining Order/Preliminary Injunction [doc. 3]; Motion to Stay Proceedings Pursuant to the All Writs Act [doc. 4]; Motion to File All Pleadings Pursuant to the Federal Mailbox Rule [doc. 5]; and,  Motion for Appointment of Counsel. [doc. 6]

(5)    added additional defendants, identified as Defendant "A" and Defendant "B" who were alleged to have participated in the Due Process denial mentioned in paragraph 4 [*id.*, paragraphs 5 and 6];

(6)    added an additional claim for compensatory damages based on the Due Process violation described in paragraph 4 [*id.*, paragraph 7]; and,

(7)    added an additional claim for compensatory damages based on the Eighth Amendment overcrowding claim described in paragraph 3. [*id.*, paragraph 8]

On May 23, 2007 plaintiff filed objections to the original Report and Recommendation. [doc. 19] Among other things, plaintiff correctly observed that the original Report and Recommendation failed to address the additional claims (overcrowding in violation of the Eighth Amendment and denial of Due Process with regard to plaintiff's 3-day confinement in lock-down), new allegations (concerning plaintiff's access to courts claim), and new defendants (Lt. Ray and Defendants "A" and "B") named in the Supplemental Complaint.

Accordingly, on June 7, 2007, the Court referred the Supplement to Civil Rights Complaint to the undersigned for further consideration. [doc. 20]

*Law and Analysis*

*1. Access to Courts*

In the original Report, the undersigned addressed plaintiff's access to court claim and observed:

> [P]laintiff complains that he is not allowed 'adequate' access to an 'adequate' law library. Plaintiff has misconstrued and exaggerated the constitutional parameters of the right of access to the courts. This right merely assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights. *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996); *Norton v. Dimazana*, 122 F.3d 286, 289 (5th Cir.1997).

3

> However, prison officials have considerable discretion in choosing the mechanism and forms of assistance they will furnish to prisoners for the purpose of allowing prisoners to file non-frivolous legal claims. See *Lewis v. Casey*, 518 U.S. at 356, 116 S.Ct. at 2182, ('Of course, we leave it to prison officials to determine how best to ensure that inmates... have a reasonably adequate opportunity to file non-frivolous legal claims challenging their convictions or conditions of confinement.')
>
> Plaintiff's allegations, construed liberally and all taken as true for the purposes of this review, fail to demonstrate that the defendants denied him access to the courts as that term is defined in the foregoing cited jurisprudence. The Supreme Court has not extended the right to access the courts to encompass any more than the ability of an inmate to prepare and transmit a necessary legal document to a court. *Brewer v. Wilkinson*, 3 F.3d at 821. See also *Lewis v. Casey*, 518 U.S. at 349-355, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996). Clearly, plaintiff has not been denied that right. [doc. 16, p. 16]

The undersigned also observed:

> Further, even assuming that plaintiff would be able to demonstrate that the defendant somehow deprived him of his constitutional right to access the courts, he must still allege facts to establish that he suffered some prejudice as a result of the deprivation. See *Lewis v. Casey*, 518 U.S. at 350-355, 116 S.Ct. at 2179- 81; *Eason v. Thaler*, 73 F.3d at 1328; *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.1992), *cert. denied*, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992); and *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir.1988). In *Lewis v. Casey*, the Court noted that its prior access to courts jurisprudence '...did not create an abstract, freestanding right to a law library or legal assistance...', and that '...an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense...'. Thus, according to the Court, an inmate alleging the denial of access to the courts based upon the inadequacies of the institution's law library '... must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.' *Id.* at 351.
>
> Plaintiff has wholly failed to allege any <u>specific</u> facts establishing that he was <u>actually prejudiced</u> in connection with any pending or contemplated legal proceeding by any alleged act or omission by any of the named defendants herein. Because plaintiff has presented no fact-specific allegations establishing that he was ever actually prejudiced in connection with any actual or proposed legal proceeding, his claims do not provide a basis for recovery under § 1983. Plaintiff

4

>has not shown that the actions of the defendants inhibited him from filing or litigating a non-frivolous complaint. Plaintiff only claims, 'I am currently challenging my [Alabama] conviction and sentence and I cannot do so because I do not have access, adequate access to an adequate inmate law library and this prejudices me, for I am showing actual innocence.' [doc. 3, p. 8] His claim of actual innocence is, of course, a fact-driven claim; he does not suggest how access to law books would enhance the presentation of such a claim. His access to court claim based on the alleged inadequacies of the SLCC Law Library, is also frivolous, and dismissal on that basis is appropriate. [doc. 16, pp. 16-17] (emphasis in original)

Plaintiff's Supplemental Complaint adds nothing to his original complaint with respect to his access to court claim. Plaintiff alleges that he was prejudiced by "... not having reasonable access to a Constitutionally adequate inmate law library..." and offered five specific examples of prejudice: (1) the dismissal of a post-conviction pleading arguing actual innocence in an Alabama court; (2) the dismissal of a *habeas corpus* petition in a Louisiana court; (3) being unable to appeal an adverse judgment in divorce proceedings pending in an Alabama court; (4) the dismissal of a *habeas corpus* petition in an Alabama court; and, (5) the dismissal of his federal *habeas corpus* petition filed pursuant to 28 U.S.C. §2254 in some federal court. [doc. 18, paragraph 1]

With regard to the allegation that he was prohibited from appealing a divorce case, such litigation is not encompassed in the right of access guaranteed to prisoners. A prisoner's right of access encompasses only the reasonable opportunity to file nonfrivolous claims challenging <u>their conviction or confinement</u>. *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997). Inmates are not guaranteed the right to have the means and resources necessary to transform themselves into litigation machines. *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996).

5

With regard to his claim that the inadequacies of the prison law library resulted in the denial of a §2254 petition, a review of the federal court's PACER database reveals no petitions for *habeas corpus* filed by the petitioner pursuant to 28 U.S.C. §2254.[2]

Finally the remaining supplemental claims of prejudice are conclusory at best and insufficient to support his claimed denial of access to court. Plaintiff has had ample opportunity to expand on his claim, yet still alleges only conclusory allegations that do not sufficiently demonstrate legal prejudice. See *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir.1986) (even *pro se* plaintiff must plead specific facts to support his conclusions); *Corthron v. Riley*, 91 F.3d 140 (5th Cir. 1996). Plaintiff has alleged no facts to establish that he was prejudiced by the alleged shortcomings of the LCS law library. *Gallien v. Correction Corp.*, 91 F.3d 140 (5th Cir. 1996). The mere fact that plaintiff was unsuccessful in his litigation does not establish such prejudice, therefore, his Supplemental Claim that he was denied access to courts is frivolous.

*2. Overcrowding*

In his Supplemental Complaint plaintiff has alleged that he " ... is confined to a dormitory style setting in which he is locked up with 69 other inmates for approximately 22 hours per day. The space that the plaintiff is confined is approximately 3,000 sq. ft. and only allows the plaintiff

---

[2] According to the PACER database, petitioner was an unsuccessful litigant in three civil rights cases filed in the United States District Court for the Northern District of Alabama. See *Byrd v. Hale, et al*, No. 2:04-cv-00232; *Byrd v. Watkins, et al*, No. 2:04-cv-00356; and *Byrd v. Mitchem, et al*, No. 5:05-cv-0185. These complaints were filed during the period between February 2004 – May 2005. All cases were disposed of by September 2005. There were no complaints or petitions filed by the petitioner in either the United States District Courts for the Southern District or the Middle District of Alabama.

Plaintiff's *habeas corpus* suit in this District was filed pursuant to 28 U.S.C. §2241 on March 27, 2006; it was closed on July 13, 2006. See *Byrd et al. v. LCS Corrections Services, et al.,* No. 6:06-cv-00538. There are no cases involving the plaintiff in either the Middle District or Eastern District of Louisiana.

6

to have approximately 42 sq. ft. which is substantially lower than the 80 sq. ft. required by the American Correctional Association Standards for Adult Corrections Institutions, Standard 3-4128 (2002), and American Public Health Association standards for Health Services in Correctional Institutions (1976) requiring 60 feet per inmate, and is violative of the plaintiff's Eighth Amendment Constitutional right or prohibition of cruel and unusual punishment... " [doc. 18, p. 2]

Courts have repeatedly held "that the Constitution does not mandate prisons with comfortable surroundings or commodious conditions." *Talib v. Gilley*, 138 F.3d 211, 215 (5th Cir.1998) (citing *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' ... or which 'involve the unnecessary and wanton infliction of pain.' " *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (citations omitted). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Overcrowding of persons in custody is not per se unconstitutional. *Rhodes*, 452 U.S. at 347-50.

"Neither the number of inmates in one cell nor the amount of space provided for an inmate in a dormitory alone determines whether confinement is cruel and unusual.  If an inmate uses his living quarters only for sleeping, and is not threatened with violence, a single bunk space, eighteen or twenty square feet, may be adequate." *Ruiz v. Estelle*, 679 F.2d 1115, 1146

7

(5th Cir. 1982)(citing *Ruiz v. Estelle*, 666 F.2d 854, 858 (1982)), amended in part, vacated in part, 688 F.2d 266 (5th Cir. 1982), *cert. denied*, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983).

Plaintiff's allegations in this Supplemental Complain assert nothing more than inconvenience or discomfort which is insufficient to state a claim of constitutional dimension. After all, serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences." *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982).

Further, plaintiff has not alleged any harm suffered as a result of his underlying complaint of overcrowding. He claims that the mere fact that he shares a 3000 square foot living area with 69 other inmates entitles him to compensatory damages of $10,000. [doc. 18, paragraph 8] However, he does not claim that the complained of conditions caused him any injury. Plaintiff has not alleged a compensable constitutional violation with respect to his Eighth Amendment claim. Therefore, this claim should be dismissed as frivolous.

*3. Due Process Violation*

Finally, plaintiff asserts that his right to Due Process as guaranteed by the Fourteenth Amendment was violated when he was placed in lock-down for a period of three days. He contends that the defendants failed to convene a disciplinary hearing prior to imposing sentence. This claim is similar to Count Eight of plaintiff's original complaint. The undersigned made the following observations with regard to plaintiff's original Due Process argument:

> [I]n *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995), the ambit of a prisoner's potential Fourteenth Amendment due process liberty claims has been dramatically narrowed. A prisoner has a liberty interest only in 'freedom[s] from restraint ... impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life,' and these will

8

>normally consist of deprivations which clearly impinge on the <u>duration</u> of
>confinement. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir.1995)(quoting *Sandin
>v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995)).
>Plaintiff has alleged no loss no good time by virtue of the allegedly unfair
>proceedings which resulted in disciplinary rules conviction and therefore, he had
>no liberty interest or other federally protected due process rights in connection
>with the proceeding and the penalty imposed. [doc. 16, pp. 25-26]

Plaintiff's Supplemental Complaint fails to state a claim based on the denial of due process fails to state a claim for which relief may be granted and should be dismissed as frivolous.

Plaintiff also contends that his 3-day stay in lock-down was "... for no other reason except to punish the plaintiff for the filing of a habeas petition in federal court and the filing of a §1983 civil rights complaint against the defendants in the instant case..." Plaintiff thus implies that he was the victim of retaliation by prison authorities.

It is well established that prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the constitution. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.1995), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996). To state a claim of retaliation, a prisoner must allege facts which establish that (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation. Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.1997) (quoting *Woods*, 60 F.3d at 1166), *cert. denied*, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997); *McDonald v. Steward*, 132 F.3d 225 (5th Cir. 1998).

9

"The inmate must allege more than his personal belief that he is the victim of retaliation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir.1999).. "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (quoting *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir.1995), *cert. denied sub nom Palermo v. Woods*, 516 U.S. 1084(1996)).

Plaintiff claims that the defendants retaliated against him because he filed his petition for habeas corpus and the instant civil rights complaint; however, he fails to offer anything more than conclusory allegations and his own personal belief to support this claim. He has failed to allege a pattern of retaliation and does not allege any evidence of motive on the part of any defendants.

Plaintiff's suggestion that his confinement to lock-down was an act of retaliation, is also without merit. As shown above, in order to establish retaliation, plaintiff must show that "but for" the exercise of a specific constitutional right, the alleged retaliatory act would never have occurred. Plaintiff has not alleged any causative link between his litigation in this court and his confinement to lock-down. Consequently, plaintiff's retaliation claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

*4. Conclusion*

**IT IS RECOMMENDED THAT** plaintiff's Supplement to Civil Rights Complaint [doc. 18] be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. §§1915 and 1915A.

10

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.   A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on June 15, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)