UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| HENRY BYRD | CIVIL ACTION NO. 07-0029 |
| VS. | SECTION P |
| LCS CORRECTIONS SERVICES, ET AL. | JUDGE DOHERTY |
| | MAGISTRATE JUDGE METHVIN |

*REPORT AND RECOMMENDATION*

Plaintiff Henry Byrd filed a *pro se* civil rights complaint in this court on January 15, 2007.  When he filed this complaint  Byrd was an inmate in the legal custody of the Alabama Department of Corrections (ADOC); however, he was incarcerated at the South Louisiana Corrections Center (SLCC), Basile, Louisiana.[1]  Plaintiff complained that he was denied his right of access to the courts and further complained of conditions of confinement at SLCC.  He sought injunctive relief as well as compensatory damages. [docs. 1, 3, 4, 5, 6]

On April 27, 2007 the undersigned submitted  a report recommending dismissal of plaintiff's complaint and denial of the various motions filed in conjunction with the complaint. [doc. 16] On April 30, 2007 plaintiff filed a supplemental complaint naming additional defendants and alleging additional causes of action. [doc. 18] On May 23, 2007 he filed a formal objection to the Report and Recommendation. [doc. 19]

On June 7, 2007 United States District Judge Rebecca F. Doherty referred the case to the undersigned for further consideration in light of the supplemental complaint and objection. [doc.

---

[1] Byrd and other ADOC inmates were transferred to Louisiana prisons in March 2006 in order to alleviate overcrowding in the ADOC facilities.  See *Byrd et al. v. LCS Corrections Services, Inc., et al.,*  No. 6:06-cv-00538.

2

20] On June 15, 2007 the undersigned submitted a supplemental report recommending dismissal of the complaint and the supplemental complaint. [doc. 21] A copy of the supplemental report and recommendation was furnished to plaintiff and he was instructed to file objections within ten days. [*Id.*, p. 10]

Plaintiff did not file objections to the report and therefore, on July 23, 2007, Judge Doherty adopted the recommendation and ordered the dismissal of the complaint and the supplemental complaint. [doc. 22]  Notice of judgment was mailed to plaintiff at SLCC.  On July 30, 2007 the notice of judgment was returned as undeliverable by the United States Postal Service. [doc. 23]

In a letter dated July 24, 2007, but which was post-marked August 28, 2007 and received on August 30, 2007, plaintiff stated that he had been transferred to the Perry County Corrections Center (PCCC), Uniontown, Alabama. [doc. 24]

On August 12, 2007 plaintiff signed a pleading styled "Application for Temporary Restraining Order/Preliminary Injunction Or in the Alternative to Appoint Counsel" requesting immediate injunctive relief  "... enjoining LCS Corrections Services, Inc. and all persons working in concert with LCS from denying the plaintiff access to legal materials (inmate law library) in order to litigate his §1983 complaint currently before this court..." [doc. 25]

In support of his claim plaintiff alleged, in pertinent part, as follows:

 ... if at such time ... plaintiff has to respond to this Court's order, the plaintiff will be unable to respond due to plaintiff being transferred to LCS Corrections Services, Inc.'s facility in Uniontown, Alabama... The said transfer was facilitated to deny the plaintiff access to the courts and in retaliation of the filing of the instant §1983 complaint.  The said facility at Perry County, Alabama owned and operated by LCS Corrections Services, Inc. only has immigration law ... and does

3

not have federal law, federal civil procedure, or anything that will aid plaintiff in
his litigation...

[doc. 25]  Plaintiff's pleading was post-marked September 6, 2007 and received and filed on

September 10, 2007.

## Law and Analysis

### 1. Temporary Restraining Order (TRO)

"An injunction is an extraordinary remedy and should not issue except upon a clear

showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir.1976).

In order to be entitled to a temporary restraining order or a preliminary injunction, a litigant must

demonstrate <u>each</u> of the following: (1) a substantial likelihood of success on the merits; (2) a

substantial threat that failure to grant the injunction will result in irreparable injury; (3) the

threatened injury outweighs any damage that the injunction will cause to the adverse party; and

(4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of*

*Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir.2001); *Clark v. Prichard*, 812 F.2d

991, 993 (5th Cir.1987).

Plaintiff is not entitled to a TRO  because he has not demonstrated a substantial

likelihood of success on the merits.  Plaintiff claims that he is entitled to a TRO mandating that

he be provided "legal materials" including "federal law, federal civil procedure, or anything that

will aid the plaintiff in his litigation" so that he may respond to court orders in this litigation.

As shown above, this litigation was terminated by the judgment of July 23, 2007. [doc.

23] The litigation is no longer pending, and therefore there is no need for plaintiff to respond to

any court orders.  While plaintiff may wish to appeal the judgment, it appears that an appeal at

4

this time would be untimely unless plaintiff could establish that he did not receive notice of judgment in a timely manner.[2]

Further, since plaintiff failed to object to the Supplemental Report and Recommendation, he would be barred from attacking the factual findings or legal conclusions of the Report except upon grounds of "plain error." *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Finally, plaintiff's vague allegations suggesting speculative violations of his right of access to court are conclusory at best.  While the Supreme Court has held that inmates have a right of access to legal materials, and prison officials cannot deny inmates access to court, (see *Bounds v. Smith*, 430 U.S. 817 (1976)), nevertheless, some actual injury must be shown to set out a violation of that right. *Lewis v. Casey*, 116 S.Ct. 2174, 2179-81 (1996) (actual harm must be shown to establish a violation of the right of access to court); accord, *Mann v. Smith*, 796 F.2d 79, 83 (5th Cir.1986). The Court has determined that *Bounds* does not "guarantee inmates the wherewithal to transform themselves into litigating engines." *Lewis*, 116 S.Ct. at 2182.  In *Lewis*, as noted above, the Court reaffirmed the longstanding requirement that inmates claiming a violation of their right of access to the courts as defined by *Bounds* must show actual injury. *Lewis*, 116 S.Ct. at 2180. The Court provided the following examples of "actual injury" under

---

[2] See Federal Rules of Appellate Procedure Rule 4(a)(1)(A) which provides: "In a civil case ... the notice of appeal ...must be filed with the district clerk within 30 days after the judgment ... appealed from is entered." But see Rule 4(a)(5) which provides, "The district court may extend the time to file a notice of appeal if ... a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and, regardless of whether its motion is filed before or during the 30 days after the time ... expires, that party shows excusable neglect..." And see also Rule 4(a)(6) "The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if ... the court finds that the moving party did not received notice ... of the entry of judgment ... within 21 days after entry; the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice ... whichever is earlier; and, the court finds that no party would be prejudiced."

5

*Bounds*: "[The inmate] might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered some arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint." *Lewis*, 116 S.Ct. at 2180.

Plaintiff complains only that he has been denied access to specific law books as a result of his current incarceration; however, he has failed to show that he has suffered or will suffer any harm as a result of this denial.  Accordingly, his motion for TRO should be denied.

## 2. Appointment of Counsel

In the alternative plaintiff again asks the court to appoint counsel to represent him in this civil rights litigation.  Plaintiff previously moved for appointment of counsel. [doc. 6] His prior motion was denied. For the reasons supplied in the original Report and Recommendation [doc. 16, pp. 11-13], this motion should again be denied.

## 3. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's Application for Temporary Restraining Order / Preliminary Injunction or In the Alternative Motion to Appoint Counsel  [doc. 25] be **DENIED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

6

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on September 17, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)